UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SASHA BELL, as next of friend and
mother of one minor child, M.B.,

       Plaintiff,                     Case No. 5:16-cv-10825

                                       Judge.    John Corbett O'Meara

vs.

LOCKWOOD, ANDREWS & NEWNAM, P.C.,
a Michigan corporation, LOCKWOOD, ANDREWS
& NEWNAM, INC., a Texas corporation, LEO A.
DALY COMPANY, a Nebraska corporation, ROWE
PROFESSIONAL SERVICES COMPANY, f/k/a ROWE
ENGINEERING, INC., VEOLIA NORTH AMERICA, LLC,
a Delaware corporation, VEOLIA NORTH AMERICA, INC.,
a Delaware corporation, BRADLEY WURFEL, EDEN
VICTORIA WELLS, M.D., and HOWARD CROFT,

       Defendants.
_____/

Vinson F. Carter (P72659)
**ROBINSON, CARTER, CRAWFORD, PLLC**
400 N. Saginaw Street, Suite 237
Flint, Michigan 48502
(810) 496-1025/ (810) 963-0458 (facsimile)
Vinson.rcclawgroup@gmail.com
Counsel for Plaintiff

Robert G. Kamenec
**PLUNKETT & COONEY**
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-5097
(248) 901-4000
rkamenec@plunkettcooney.com
Counsel for Defendant Lockwood Andrews & Newnam, P.C.

## MOTION FOR REMAND AND ATTORNEY'S FEES AND COSTS

Plaintiff, through counsel, moves this Court pursuant to 28 U.S.C. §§ 1446 and 1447 as follows:

1.     The instant case is a state law claim for personal injuries against six corporate entities and three individual defendants.

2.     Complete diversity is lacking and venue is proper in the Genesee County Circuit Court, where the case was originally filed.

3.     Defendant Lockwood, Andrews and Newnam, P.C. removed the case based on the "substantial federal question doctrine."

4.     Defendant's contention is that mere mention of federal drinking water regulations transforms her state law claims into claims that "arise under" federal law for jurisdictional purposes.

5.     Defendant is incorrect.

6.     As the Sixth Circuit pointed out in *Hampton v. R.J. Corman R.R. Switching Co. LLC*, 683 F.3d 708, 712 (6th Cir. 2012), a "garden-variety state tort claim" that merely relies upon federal regulations to establish negligence does not pass this test.  *Id.; see also Columbia Gas Transmission, LLC v. Singh,* 707 F.3d 583, 591 (6th Cir. 2013) (explaining that state property dispute predicated on violations of the Natural Gas Act did involve a substantial federal question.).

7.     This Court should remand this case to the Genesee County Circuit Court because there is no federal jurisdiction, as there is no substantive federal issue.

WHEREFORE, Plaintiff requests that this Honorable Court remand this case to the Genesee County Circuit Court and award Plaintiff her costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) incurred in securing remand.

Respectfully submitted, this 16th day of March, 2016.


/s/ VINSON F. CARTER
Vinson F. Carter, Esq.
**Robinson, Carter & Crawford, PLLC**
Counsel for Plaintiff
400 N. Saginaw Street, Suite 237
Flint, Michigan 48502
(810) 496-1025
(810) 963-0458 (facsimile)
Vinson.rcclawgroup@gmail.com

Corey M. Stern, Esq.*
**Levy Konigsberg, LLP**
Counsel for Plaintiff
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

* E.D. of Michigan Application for Admission Submitted

## **CERTIFICATE OF SERVICE**

I hereby certify that on Wednesday, March 16, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing as follows:

Wayne B. Mason (wayne.mason@sedgwicklaw.com)
Travis S. Gamble (travis.gamble@sedgwicklaw.com)
S. Vance Wittie (vance.wittie@sedgwicklaw.com)
Sedgwick, LLP
1717 Main Street – Suite 5400
Dallas, Texas 75201

Philip A. Erickson (perickson@plunkettcooney.com)
Robert G. Kamenec (rkamenec@plunkettcooney.com)
David K. Otis (dotis@plunkettcooney.com)
Plunkett Cooney
325 East Grand River Avenue, Suite 250
East Lansing, Michigan 48823

I further certify that I have mailed by United States Postal Service the pleading to the following non-ECF participants:

ROWE PROFESSIONAL SERVICES COMPANY, f/k/a ROWE
ENGINEERING, INC.
c/o Leanne H. Panduren
540 South Saginaw St., Suite 200
Flint, MI 48502

VEOLIA NORTH AMERICA, INC., a Delaware Corporation
c/o The Corporation TRUST Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

VEOLIA NORTH AMERICA, LLC, a Delaware Corporation
c/o The Corporation TRUST Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

4

EDEN VICTORIA WELLS, M.D
4350 Pine Ridge Court
Ann Arbor, MI 48105-2795

BRADLEY WURFEL
5097 Nellies Lane
Charlotte, MI 48813-7342

HOWARD CROFT
522 South Franklin Avenue
Flint, MI 48503-5327


Respectfully submitted, this 16th day of March, 2016.


/s/ VINSON F. CARTER
Vinson F. Carter, Esq.
**Robinson, Carter & Crawford, PLLC**
Counsel for Plaintiff
400 N. Saginaw Street, Suite 237
Flint, Michigan 48502
(810) 496-1025
(810) 963-0458 (facsimile)
Vinson.rcclawgroup@gmail.com

Corey M. Stern, Esq.*
**Levy Konigsberg, LLP**
Counsel for Plaintiff
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

* E.D. of Michigan Application for
Admission Submitted

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SASHA BELL, as next of friend and
mother of one minor child, M.B.,

      Plaintiff,                      Case No. 5:16-cv-10825

                                            Judge.    John Corbett O'Meara

vs.

LOCKWOOD, ANDREWS & NEWNAM, P.C.,
a Michigan corporation, LOCKWOOD, ANDREWS
& NEWNAM, INC., a Texas corporation, LEO A.
DALY COMPANY, a Nebraska corporation, ROWE
PROFESSIONAL SERVICES COMPANY, f/k/a ROWE
ENGINEERING, INC., VEOLIA NORTH AMERICA, LLC,
a Delaware corporation, VEOLIA NORTH AMERICA, INC.,
a Delaware corporation, BRADLEY WURFEL, EDEN
VICTORIA WELLS, M.D., and HOWARD CROFT,

      Defendants.
_____/

Vinson F. Carter (P72659)
**ROBINSON, CARTER, CRAWFORD, PLLC**
400 N. Saginaw Street, Suite 237
Flint, Michigan 48502
(810) 496-1025/ (810) 963-0458 (facsimile)
Vinson.rcclawgroup@gmail.com
Counsel for Plaintiff

Robert G. Kamenec
**PLUNKETT & COONEY**
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-5097
(248) 901-4000
rkamenec@plunkettcooney.com
Counsel for Defendant Lockwood Andrews & Newnam, P.C.

**BRIEF IN SUPPORT OF MOTION FOR REMAND AND
ATTORNEY'S FEES AND COSTS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ii

Introduction ........................................................................................................1

Statement Pursuant to E. D. Mich. LR 7.1(a) ...................................................2

Argument.............................................................................................................2

    A.  There is no Subject Matter Jurisdiction and the Case must be
        Remanded ...........................................................................................2

    B.  Attorney's Fees are Appropriate as Removal was not Objectively
        Reasonable ....................................................................................... 14

Conclusion ...................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ahearn v. Charter Township of Bloomfield,*
  100 F.3d 451 (6th Cir. 1996) ........................................................................ 2

*Auto-Owners Ins. Co. v. Ergonomics Plus, Inc.,*
  63 F. Supp. 3d 754 (E.D. Mich. 2014) ........................................................ 4

*Chase Manhattan Mortg. Corp. v. Smith,*
  507 F. 3d 910 (6th Cir. 2007) ..................................................................... 14

*Christianson v. Colt Industries Operating Corp.,*
  486 U.S. 800 (1988) ............................................................... 5, 6, 8, 13, 14

*Columbia Gas Transmission, LLC v. Singh,*
  707 F.3d 583 (6th Cir. 2013) ........................................................................ 4

*Eastman v. Marine Mech. Corp.,*
  438 F.3d 544 (6th Cir. 2006) ........................................................................ 3

*Erie R.R. v. Thompkins,*
  304 U.S. 64 (1938) ..................................................................................... 12

*Gearheart v. Elite Ins. Agency, Inc.,*
  No. 15-103-ART, 2016 U.S. Dist. LEXIS 1634
  (E.D. Ky. Jan. 7, 2016) .............................................................................. 16

*Gotro v. R&B Realty Group,*
  69 F. 3rd 1485 (9th Cir. 1995) .................................................................... 15

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,*
  545 U.S. 308 (2005) ..................................................................................... 4

*Greer v. Crown Title Co.,*
  216 F. Supp. 2d 519 (D. Md. 2002) ............................................................. 7

*Gunn v. Minton,*
  133 S. Ct. 1059 (2013) ....................................................................... 4, 5, 13

*Hampton v. R.J. Corman R.R. Switching Co. LLC*,
    683 F.3d 708 (6th Cir. 2012) .................................................................. 4, 14

*Harding-Wright v. D.C. Water and Sewer Auth.*,
    350 F. Supp. 2d 102 (D.D.C. 2005) ............................................................ 7

*Harnden v. Jayco, Inc.*,
    496 F.3d 579 (6th Cir. 2007) ....................................................................... 3

*Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*,
    176 F.3d 904 (6th Cir. 1999) ....................................................................... 2

*Long v. Bando Manufacturing of America, Inc.*,
    201 F.3d 754 (6th Cir. 2000) ....................................................................... 6

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ................................................................................... 15

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*,
    478 U.S. 804 (1986) ................................................................................... 13

*Mikulski v. Centerior Energy Corp.*,
    501 F.3d 555 (6th Cir. 2007) ................................................................. 5, 14

*Moncure v. Olympus Am., Inc.*,
    290 F. Supp. 2d 726 (S.D. Miss. 2003) ...................................................... 6

*Morris v. Bridgestone/Firestone, Inc.*,
    985 F. 2d 238 (6th Cir. 1993) .................................................................... 14

*Mulcahey v. Columbia Organic Chemicals Co.*,
    29 F.3d 148 (4th Cir. 1994) ......................................................................... 7

*Nat'l Sand, Inc. v. Nagel Constr., Inc.*,
    182 Mich. App. 327 (1990) ........................................................................ 12

*Shamrock Oil & Gas v. Sheets*,
    313 US 100 (1941) ....................................................................................... 3

**Other Authorities**

28 U.S.C. § 1441 ........................................................................ 1, 2

42 U.S.C. 300j–8(e) ....................................................................... 14

E. D. Mich. LR 7.1(a) .................................................................... 2

MCL 600.5805(14) ......................................................................... 12

The Safe Drinking Water Act, 42 U.S.C. 300f ............................................ 13

**Introduction**

Plaintiff Sasha Bell, as next of friend and mother of one minor child, M.B., commenced this case in the Genesee County Circuit Court on March 3, 2016. The complaint included four substantive causes of action: (1) professional negligence; (2) gross negligence; (3) intentional infliction of emotional distress; and (4) battery. (Dkt. 1, Notice of Removal, Ex. A). Each of these claims arises exclusively under Michigan law – the complaint does not contain a single claim for relief based on federal law.

Defendant Lockwood, Andrews & Newnam, P.C. ("LAN") removed the case pursuant to 28 U.S.C. § 1441, on March 8, 2016. (Dkt. 1, Notice of Removal). Because there is no diversity between the parties and because Plaintiff's complaint does not allege a cause of action that arises under federal law, LAN contends that this Court may exercise removal jurisdiction based on the "substantial federal question doctrine." (Dkt. 1, Notice of Removal ¶ 4). LAN's Notice of Removal makes no reference to the Court's supplemental jurisdiction, so in effect Defendant is claiming broadly that each of Plaintiff's claims are based on federal questions.

To date, Plaintiff's counsel has filed 19 separate cases in the Genesee County Circuit Court, on behalf of 50 individual children. The defendants in each of the cases are the same and the causes of action identical. LAN has

removed each of the nineteen cases on the exact same grounds upon which this case was removed.

For purposes of this motion, it is important to note that Plaintiff seeks damages only on behalf of her minor child for his personal injuries.

## Statement Pursuant to E. D. Mich. LR 7.1(a)

The undersigned contacted counsel for LAN regarding this motion and, after a conference between attorneys in which movant explained the nature of the motion and its legal basis, was not able to obtain concurrence from LAN with respect to this motion.

## Argument

A.    There is no Subject Matter Jurisdiction and the Case must be Remanded

28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" may be removed from state to federal court.  The removing defendant bears the burden of demonstrating that this Court has subject matter jurisdiction sufficient to support removal.  *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (*citing Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996)).

It is well-settled that where, as is here, a case has been removed from

state to federal court, the case must be remanded to the state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."   28 U.S.C. § 1447(c).   Because removal jurisdiction raises significant federalism concerns, the Court must strictly construe removal jurisdiction.  *Shamrock Oil & Gas v. Sheets*, 313 US 100, (1941).  "The removing party bears the burden of establishing federal jurisdiction, and all doubts should be resolved against removal."  *Harnden v. Jayco, Inc.,* 496 F.3d 579 (6th Cir. 2007) (emphasis added) (citing *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 549-50 (6th Cir. 2006)).

When these principles are applied to the instant case, it is unmistakably clear that no basis for federal jurisdiction exists. As noted previously, there is no diversity between the parties and none of the claims contained in Plaintiff's complaint arises under federal law.  Recognizing that the complaint provides no overt basis for federal jurisdiction, LAN has attempted to manufacture one in its Notice of Removal by claiming that Plaintiff's mere mention of federal drinking water regulations transforms her state law claims into claims that "arise under" federal law for jurisdictional purposes.  LAN asserts that Plaintiff's claims provide this Court with federal question jurisdiction because they make "references to the federal Safe Drinking Lead and Copper Rule … various regulations and standards

3

established by the Federal Environmental Protection Agency … and the Federal Safe Drinking Water Act[.]" (Dkt. 1, Notice of Removal ¶ 6).

It is true that there is a "special and small category" of state law cases that invoke federal jurisdiction where a substantial federal issue is implicated. *Auto-Owners Ins. Co. v. Ergonomics Plus, Inc.*, 63 F. Supp. 3d 754, 759 (E.D. Mich. 2014) (citing *Gunn v. Minton*, 133 S. Ct. 1059, 1061 (2013).  But to invoke federal jurisdiction on this basis, the federal issue must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 133 S. Ct. at 1065 (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317-18 (2005).  As the Sixth Circuit pointed out in *Hampton v. R.J. Corman R.R. Switching Co. LLC*, 683 F.3d 708, 712 (6th Cir. 2012), a "garden-variety state tort claim" that merely relies upon federal regulations to establish negligence does not pass this test.  *Id.; see also Columbia Gas Transmission, LLC v. Singh,* 707 F.3d 583, 591 (6th Cir. 2013) (explaining that state property dispute predicated on violations of the Natural Gas Act did involve a substantial federal question.).  Even where state claims turn upon the application of the federal tax code, an area of complete federal preemption, the Sixth Circuit has declined to find a substantial federal issue.  *Mikulski v. Centerior Energy*

*Corp.*, 501 F.3d 555, 572 (6th Cir. 2007) (Congress did not express an intent for issue to be resolved in federal court and adjudication in state court would not undermine federal regulatory scheme).

LAN's jurisdictional theory is not sustainable, particularly under decisions that have strictly defined federal courts' jurisdiction over state law claims that incorporate federal standards. In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the United States Supreme Court was called upon to decide whether a particular case arose under federal patent laws for purposes of determining whether the United States Court of Appeals for the Federal Circuit had appellate jurisdiction over that case. In holding that the Federal Circuit lacked jurisdiction, the Court held that "a claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction [i.e., Federal Circuit jurisdiction] unless patent law is essential to each of those theories." *Christianson*, 486 U.S. at 810. Finding that construction of the patent laws was essential to only one of the claims in the plaintiff's complaint, the Supreme Court held that the Federal Circuit had no jurisdiction over the case. *Id.* at 811.

Several courts have relied upon the decisions in *Christianson* and *Gunn* in determining whether federal question jurisdiction could be exercised over state law claims that contain elements of federal law. The

Sixth Circuit applied a similar analysis in *Long v. Bando Manufacturing of America, Inc.*, 201 F.3d 754 (6th Cir. 2000).  In *Long*, the court found that federal question jurisdiction could not be exercised over a state law claim for wrongful termination, despite the fact that the complaint alleged violations of four federal statutes as an element of the claim.  The court found that "*Christianson* suggests that there is no federal question jurisdiction when the complaint on its face states alternate theories supporting a state law claim, at least one of which does not involve a federal question."  *Id.* at 760 (italics added).  Because the Sixth Circuit found that the plaintiff's complaint "offered state as well as federal policies as evidence of his wrongful discharge," the case "appear[ed] to fall squarely within the Supreme Court's holding in *Christianson*."  *Id.* (italics added).  The Sixth Circuit found that no subject matter jurisdiction existed, and the case was remanded to state court.

Lower court decisions from other circuits are in accord with *Long*. *See Moncure v. Olympus Am., Inc.*, 290 F. Supp. 2d 726, 729 (S.D. Miss. 2003) (remanding case involving claims grounded in negligence, product liability, and contract; despite some overlap between plaintiff's state law claims and federal law, remand was required because "proof of a violation of any federal regulation is not a necessary or required element for recovery");

6

*Greer v. Crown Title Co.*, 216 F. Supp. 2d 519, 522-23 (D. Md. 2002) (remanding case arising under Maryland Consumer Protection Act where "several possible, non-federal bases for Defendants' alleged violation" of Act existed).

In *Harding-Wright v. D.C. Water and Sewer Auth.*, 350 F. Supp. 2d 102 (D.D.C. 2005), a case very similar to the one at bar, plaintiffs sought relief on a variety of claims, alleging that defendants supplied them with water contaminated by lead, thereby exposing them to the risk of physical injury, causing them to incur pecuniary losses, and diminishing the value of their real property. Plaintiffs' claims included negligence *per se*, which plaintiff conceded required proof of a violation of federal law. Plaintiffs maintained, however, that the negligence *per se* count was merely an alternate theory of liability to their negligence claim, which did not materially involve a federal law. Defendants argued that aside from the negligence *per se* claim, plaintiffs' other claims "also present[ed] substantial federal questions." The court remanded the case because the alternative negligence claims arose under state law.

In *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148 (4th Cir. 1994), the plaintiff brought a claim in state court in response to the defendant's alleged release of hazardous materials into the environment.

7

The complaint set forth four counts under state law: negligence, abnormally dangerous activities, private nuisance, and injunction.   Because the negligence count alleged that the defendant's conduct violated several federal environmental statutes and therefore constituted negligence *per se*, the defendant removed the case to federal court.

The Fourth Circuit ordered the case remanded to state court, stating:

> . . . *Christianson* teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.

Here, Plaintiff hasn't even alleged negligence *per se*.  And merely referencing the Lead and Copper Rule doesn't invoke Federal Jurisdiction. Examination of the complaint in the instant case reveals that Plaintiff merely referenced certain federal rules and regulations as part of the factual allegations to provide context, for the reader, regarding the Flint Water Crisis.  Nowhere in the complaint does Plaintiff allege that LAN (or any of other defendant entity) committed professional negligence by way of violating a federal rule or regulation.

The only factual allegations against LAN are as follows:

- The LAN Defendants were hired to prepare Flint's water treatment plant for the treatment of new water sources, including both the [Karegnondi Water Authority] and the Flint River.  *See* Exhibit A, ¶ 47.

- The LAN Defendants were responsible for providing engineering services to make Flint's inactive water treatment plant sufficient to treat water from each of its new sources.  They failed miserably in this task.  Their actions facilitated the transfer of Flint's water source to river water without the proper treatment, which was necessary to protect against the poisoning of thousands of Flint residents, including Plaintiff's child.  *Id.*, ¶ 49.

- LAN did not require water quality standards to be set for the Flint River water that would be delivered to Flint's residents.  Further, LAN did not require corrosion control to ensure that corrosive water was not delivered throughout Flint's aging water system. *Id.*, ¶ 51

- The MDEQ, as Flint's "primacy agency," and Defendants LAN and Rowe were responsible for ensuring that Flint set water quality standards and properly treated its water.  *Id.*, ¶ 53.

- LAN, as Flint's outside contractor, and Rowe as the Acting City Engineer had a duty to recognize the need for corrosion control and advise that it should be implemented.  *Id.*, ¶ 54.

- The LAN Defendants issued a 20-page Operational Evaluation Report on November 26, 2014, intended to address compliance with EPA and MDEQ operations and regulations.  The LAN Defendants entirely failed to address the hazard of lead associated with the corrosive water flowing through the pipes, at least half of which were made of lead. *Id.*, ¶ 70.

- The MDEQ, the LAN Defendants and Defendant Rowe in fact knew that no optimized corrosion control had been implemented, because none of them required it, and they did not set water quality parameters for the Flint River source water.  *Id.*, ¶ 85.

- On February 27, 2015, Del Toral began to voice concerns about the likely cause of the high lead levels detected in Flint.  He attributed those levels to particulate lead, which would mean that the MDEQ's and the LAN Defendants' testing methods of "pre-flushing" water from homes would bias samples low.  He also

9

inquired about optimized corrosion control, which he noted was required in this instance. *Id.*, ¶ 87.

- All the while, neither the LAN Defendants nor Defendant Rowe did anything to address what they knew or should have known was a catastrophic public health crisis. *Id.*, ¶ 90.

- As evidence of problems mounted, the state and the MDEQ, in harmony with Rowe, LAN and Veolia, denied the dangers facing residents, insisting the water was safe. *Id.*, ¶ 105.

- The LAN Defendants issued their second Operational Evaluation Report … on August 27, 2015, intended again to address compliance with EPA and MDEQ operations and regulations. Once again, the LAN Defendants neglected to address the hazards of lead in the Flint Water which was poisoning residents of Flint, including Plaintiff's child. *Id.*, ¶ 128.

Plaintiff's lone claim pleaded against LAN is for professional negligence, pursuant to Michigan law. The claim states:

- The LAN Defendants undertook, for consideration, to render services for the City of Flint, which they should have recognized as necessary for the protection of Plaintiffs. *See* Exhibit A, ¶ 186.

- The LAN Defendants undertook to perform a duty owed to Plaintiffs by the City of Flint and/or the State of Michigan. *Id.*, ¶ 187.

- Based on their undertaking, the LAN Defendants had a duty to Plaintiffs to exercise reasonable care. *Id.*, ¶ 188.

- Plaintiffs relied on the City, State, and/or the LAN Defendants to perform the duty to ensure the proper treatment of the new water source(s). *Id.*, ¶ 189.

- The LAN Defendants failed to exercise reasonable care in preparing for and executing the transition from treated DWSD

water to untreated Flint River water. *Id.*, ¶ 190.

- The LAN Defendants failed to undertake reasonable care and conduct as a professional engineering firm. *Id.*, ¶ 191.

- The LAN Defendants failed to exercise reasonable care when they did not implement corrosion control in a system containing lead pipes that was being transitioned onto a highly corrosive water source. *Id.*, ¶ 192.

- The LAN Defendants failed to exercise reasonable care when they failed to recognize the need for corrosion control in a system containing lead pipes when the LAN Defendants continued to undertake duties to provide professional engineering services in relation the Flint Water System on an ongoing basis. *Id.*, ¶ 193.

- Plaintiffs suffered harm resulting from the LAN Defendants' failures to exercise reasonable care. *Id.*, ¶ 194.

- The LAN Defendants' failure to exercise reasonable care caused the Plaintiffs' injuries, which were entirely foreseeable. *Id.*, ¶ 195.

- The LAN Defendants are liable to Plaintiffs for all harms resulting to them from the LAN Defendants' failures to exercise reasonable care. *Id.*, ¶ 196.

- The LAN Defendants' liability includes, without limitation, lead poisoning, personal injuries, illnesses, and exposure to lead and other toxic substances suffered by Plaintiffs as a result of the LAN Defendants' failures to exercise reasonable care. *Id.*, ¶ 197.

- The LAN Defendants' conduct and/or failure(s) to act constitute gross negligence because they were so reckless that they demonstrated a substantial lack of concern for whether an injury would result. *Id.*, ¶ 198.

- The LAN Defendants' actions and/or omissions were a proximate cause of the Plaintiffs' injuries. As a direct and proximate result, Plaintiffs have been lead poisoned and have suffered past, present

and future personal injuries, including but not limited to: various health problems (including without limitation hair, skin, digestive and other organ problems), physical pain and suffering, mental anguish, fright and shock, disability, denial of social pleasures and enjoyments, embarrassment, humiliation, and mortification, medical expenses, wage loss, brain and/or developmental injuries including (without limitation) cognitive deficits and lost earning capacity, as well as punitive and/or exemplary damages. *Id.*, ¶ 199.

Plaintiff's claim against LAN is based upon and supported by Michigan law. Professional negligence or malpractice has long been recognized by the Michigan courts as a common law tort. *See Nat'l Sand, Inc. v. Nagel Constr., Inc.*, 182 Mich. App. 327, 337-338 (1990). There was some question as to whether negligence committed by engineers constitutes malpractice or ordinary negligence – both recognized common law torts – for the purposes of choosing which period of limitation applies. However, the Michigan legislature later resolved that question with the passage of MCL 600.5805(14), which specifically notes that "an action against a … professional engineer … arising from professional services rendered is an action charging malpractice ..." Because professional negligence is a common law tort, it necessarily is a cause of action arising out of state law. *See Erie R.R. v. Thompkins*, 304 U.S. 64 (1938) ("[T]here is no federal general common law.").

When the principles set forth in *Christianson* and *Gunn* are applied in this case, it is clear that this Court lacks subject matter jurisdiction and that remand is required.  As noted above, the professional negligence claim arises under Michigan law and does not require Plaintiff to prove a violation of federal law in order to prevail.  Simply put, the standard of care against which Defendant LAN's actions are construed will be articulated by an expert in the field, not by a federal regulation.

Interestingly, as is customary in a Notice of Removal, LAN cites *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) for the proposition that "the state law cause of action pled in the [c]omplaint arises under federal law because 'the vindication of the right under state law depends on validity, construction, or effect of federal law.'"  (Dkt. 1, Notice of Removal ¶ 6).  The reference to *Merrell Dow* is particularly misplaced here, however, insofar as The Safe Drinking Water Act, 42 U.S.C. 300f *et seq.*, the federal law underlying the Lead and Copper Rule, does not provide any federal right of action for the recovery of compensatory damages.  Here, the remedy Plaintiff seeks isn't even available to her under federal law, and as such a "private cause of action" doesn't exist under the theory upon which LAN has removed the case.  *See Merrell Dow Pharm., Inc.*, 478 U.S. at 813.  Even more compelling, the Safe Drinking Water Act, specifically states that

13

"[n]othing in this section shall restrict the right which any person (or class of persons) may have under any statute or common law to seek enforcement of any requirement prescribed by or under this title or to seek other relief."  42 U.S.C. 300j–8(e).

In sum, Plaintiffs' complaint does not include any claims that arise under federal law within the meaning of *Christianson* and *Merrell* or the Sixth Circuit holdings in *Hampton* and *Mikulski*.  Accordingly, this Court lacks subject matter jurisdiction over the case, and it must be remanded to the Circuit Court.

B.   <u>Attorney's Fees are Appropriate as Removal was not Objectively Reasonable</u>

28 U.S.C. § 1447(c) indicates that attorney's fees are available upon remand:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

*See Morris v. Bridgestone/Firestone, Inc.*, 985 F. 2d 238, 239-240 (6th Cir. 1993) (the panel stating that "a finding of improper purpose is not necessary to support an award under the amended section."); *see also Chase Manhattan Mortg. Corp. v. Smith*, 507 F. 3d 910, 915-916 (6th Cir. 2007)

14

(upholding the U.S. District Court for the S.D. of Ohio's grant of attorney's fees, finding no objectively reasonable basis for removal after examining the proffered reasons for removal).

Though attorney's fees are not an automatic function of improper removal, attorney's fees are appropriate where the removal was not objectively reasonable. *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005). Assessing costs and fees on remand reduces the attractiveness of removal as a method for unjustly delaying litigation and imposing costs on the plaintiff. *Id.* Moreover, it is inconsequential whether attorney's fees were actually incurred by the plaintiff. *See e.g.*, *Gotro v. R&B Realty Group*, 69 F. 3rd 1485, 1486-1488 (9th Cir. 1995) ("The legislative history of section 1447(c) provides adequate explanation for Congress' choice of words 'actual expenses incurred.' These words do not limit the district court's discretion to award attorney's' fees to a contingency fee [or pro bono] litigant.").

In viewing the facts objectively, Defendant's removal cannot be said to have been reasonable because not one of Plaintiff's state law claims involves a substantial federal question, and because The Safe Drinking Water Act does not provide any federal right of action for the recovery of compensatory damages, which is all Plaintiff seeks at this time. The same

15

was true in *Gearheart v. Elite Ins. Agency, Inc.*, No. 15-103-ART, 2016 U.S. Dist. LEXIS 1634, at *8 (E.D. Ky. Jan. 7, 2016) ("And nothing in any of the Supreme Court's cases – or those of the Sixth Circuit – should have given the defendants any confidence that this federal issue was one that a federal court would find "substantial."). Under similar facts, the *Gearheart* Court awarded plaintiff's request for fees and costs under 28 U.S.C. § 1447(c) and the same result is appropriate here.

Counsel for Plaintiff has spent at least ten (10) hours in devotion to remand for Plaintiff and almost certainly will incur additional fees and costs should LAN contest this motion.

## Conclusion

Plaintiffs' Motion for Remand should be granted, for the foregoing reasons, and attorney's fees and costs be granted against Defendant LAN.

Respectfully submitted, this 16th day of March, 2016.

/s/ VINSON F. CARTER
Vinson F. Carter, Esq.                     Corey M. Stern, Esq.*
**Robinson, Carter & Crawford, PLLC**       **Levy Konigsberg, LLP**
Counsel for Plaintiff                       Counsel for Plaintiff
400 N. Saginaw Street, Suite 237            800 Third Avenue, 11th Floor
Flint, Michigan 48502                       New York, New York 10022
(810) 496-1025                              (212) 605-6298
(810) 963-0458 (facsimile)                  (212) 605-6290 (facsimile)
Vinson.rcclawgroup@gmail.com                cstern@levylaw.com
                                            * E.D. of Michigan Application
                                            for Admission Submitted

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, March 16, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing as follows:

Wayne B. Mason (wayne.mason@sedgwicklaw.com)
Travis S. Gamble (travis.gamble@sedgwicklaw.com)
S. Vance Wittie (vance.wittie@sedgwicklaw.com)
Sedgwick, LLP
1717 Main Street – Suite 5400
Dallas, Texas 75201

Philip A. Erickson (perickson@plunkettcooney.com)
Robert G. Kamenec (rkamenec@plunkettcooney.com)
David K. Otis (dotis@plunkettcooney.com)
Plunkett Cooney
325 East Grand River Avenue, Suite 250
East Lansing, Michigan 48823

I further certify that I have mailed by United States Postal Service the pleading to the following non-ECF participants:

ROWE PROFESSIONAL SERVICES COMPANY, f/k/a ROWE ENGINEERING, INC.
c/o Leanne H. Panduren
540 South Saginaw St., Suite 200
Flint, MI 48502

VEOLIA NORTH AMERICA, INC., a Delaware Corporation
c/o The Corporation TRUST Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

VEOLIA NORTH AMERICA, LLC, a Delaware Corporation
c/o The Corporation TRUST Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

17

EDEN VICTORIA WELLS, M.D
4350 Pine Ridge Court
Ann Arbor, MI 48105-2795

BRADLEY WURFEL
5097 Nellies Lane
Charlotte, MI 48813-7342

HOWARD CROFT
522 South Franklin Avenue
Flint, MI 48503-5327

Respectfully submitted, this 16th day of March, 2016.

/s/ VINSON F. CARTER
Vinson F. Carter, Esq.
**Robinson, Carter & Crawford, PLLC**
Counsel for Plaintiff
400 N. Saginaw Street, Suite 237
Flint, Michigan 48502
(810) 496-1025
(810) 963-0458 (facsimile)
Vinson.rcclawgroup@gmail.com

Corey M. Stern, Esq.*
**Levy Konigsberg, LLP**
Counsel for Plaintiff
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

* E.D. of Michigan Application
for Admission Submitted

18