UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SASHA BELL, as next of friend and
mother of one minor child, M.B.,

      Plaintiff,                    Case No. 5:16-cv-10825

                                    Judge.    John Corbett O'Meara

vs.

LOCKWOOD, ANDREWS & NEWNAM, P.C.,
a Michigan corporation, LOCKWOOD, ANDREWS
& NEWNAM, INC., a Texas corporation, LEO A.
DALY COMPANY, a Nebraska corporation, ROWE
PROFESSIONAL SERVICES COMPANY, f/k/a ROWE
ENGINEERING, INC., VEOLIA NORTH AMERICA, LLC,
a Delaware corporation, VEOLIA NORTH AMERICA, INC.,
a Delaware corporation, BRADLEY WURFEL, EDEN
VICTORIA WELLS, M.D., and HOWARD CROFT,

      Defendants.

_____/

Corey M. Stern
**LEVY KONIGSBERG, LLP**
800 Third Ave., 11ᵗʰ Floor
New York, New York 10022
(212) 605-6298/ (212) 605-6290 (facsimile)
cstern@levylaw.com
Counsel for Plaintiff

Robert G. Kamenec
**PLUNKETT & COONEY**
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304-5097
(248) 901-4000
rkamenec@plunkettcooney.com
Counsel for Defendant Lockwood Andrews & Newnam, P.C.

---

**PLAINTIFF'S REPLY MEMORANDUM IN
SUPPORT OF MOTION FOR REMAND**

Plaintiff Sasha Bell, as next of friend and mother of one minor child, M.B., by and through her undersigned counsel, respectfully submits this reply memorandum in support of her motion to remand this case to the Genesee County Circuit Court pursuant to U.S.C. § 1447(c).

## Introduction

Federal courts, as courts of limited jurisdiction, may only consider those cases over which they have subject matter jurisdiction. *See, e.g. Ins. Corp. of Ireland, Ltd. V. Comagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S.Ct. 2099, 2104 (1982) (noting that subject matter jurisdiction is a constitutional and statutory requirement that functions as a restriction on federal power). Where a case has been removed from state court to federal court, the court is required to construe its removal jurisdiction narrowly, resolve all doubts about the existence of jurisdiction in favor of remand, *see, e.g., Long v. Bando Mfg. of Am., Inc.*, 201 F. 3d 754 (6th Cir. 2012) (citing *Samrock oil & Gas v. Sheets*, 313 U.S. 100 (1941)), and remand the case if *at any time before final judgment* it appears as though subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c) (emphasis supplied).

Defendant Lockwood, Andrews and Newnam, P.C.'s ("LAN") opposition ignores these jurisdictional precepts in favor of a confounding theory of jurisdiction that disregards the substance of, and in fact recasts

Plaintiff's claims, and neglects factually analogous and controlling Supreme Court and Sixth Circuit jurisprudence.

Notwithstanding LAN's attempt to rewrite Plaintiff's complaint in a manner that necessarily relies on Federal regulations,[1] the Court's review of Plaintiff's complaint will reveal: (a) that each of the causes of action pleaded in the complaint arises exclusively under state law; and (b) Plaintiff can prevail on each of her theories of recovery without a finding that federal law has been violated.  Even under the creative and novel analysis urged on this Court by LAN, these two conclusions leave this Court without subject matter jurisdiction and require remand to the Circuit Court.

## Argument

This Court Does Not Have Jurisdiction Under The "Substantial Federal Question" Doctrine.  Defendant LAN's analysis is as elaborate as it is outlandish, and in many respects is misleading.  As an early and easy example of LAN's artificiality, it states on page 2 of its response:

> "Plaintiff **specifically** alleges that the LAN Defendants are liable for breach of 'duties' to 'require,' 'ensure,' and 'advise' compliance with water quality standards and

---

[1] The Safe Drinking Water Act, 42 U.S.C. 300f *et seq*., the federal law underlying the Lead and Copper Rule, does not provide any federal right of action for the recovery of compensatory damages.  Here, the remedy Plaintiff seeks isn't even available to her under federal law, and as such a "private cause of action" doesn't exist under the theory upon which LAN has removed the case.  *See Merrell Dow Pharm., Inc.*, 478 U.S. at 813.

> corrosion controls **found in the [Safe Water Drinking
> Act] and [Lead and Copper Rule].**"

(emphasis supplied).  (Dkt. 10, Response to Motion, p. 2).  This statement
simply isn't contained anywhere in Plaintiff's complaint.  LAN has cherry-
picked portions of the pleading, combined them, and then added a piece that
says "found in the Safe Water Drinking Act and Lead and Copper Rule" to
create jurisdiction where it doesn't otherwise exist.  To the extent LAN's
removal relies on this falsity, Plaintiff's motion should be granted on its
face.  The Court need only juxtapose what LAN claims Plaintiff's complaint
says with what it actually says, and the Court can stop there.

Despite LAN's contentions, Plaintiff's allegation of professional
negligence does not raise a disputed federal issue.  LAN asserts that the
claim can <u>only</u> succeed if "the laws of the United States are given one
construction or effect," and that the claim fails if ["the laws of the United
States] receive another [construction or effect]."  But the applicability of this
principle is dependent on LAN's self-serving revision of Plaintiff's
complaint, wherein LAN unilaterally defines the standard of care upon
which its conduct should be judged.  If every defendant was able to invoke
federal jurisdiction by merely re-writing a complaint, there would be no
need for state courts.

And if the absurdity of this argument alone wasn't enough, LAN further references pleadings in a separate case before this Court, wherein a group of Plaintiffs seeks not only damages but also injunctive relief, to support the LAN defined standard of care.  (Dkt. 10, Response to Motion, p. 19).   According to LAN, a new rule should be written that requires the Court, when making jurisdictional determinations in one case, to review complaints filed against a removing defendant in other cases to determine what the plaintiff *really* means in the case that's been removed.

While there are a "special and small category" of state law cases that invoke federal jurisdiction where a substantial federal issue is implicated, *Auto-Owners Ins. Co. v. Ergonomics Plus, Inc.*, 63 F. Supp. 3d 754, 759 (E.D. Mich. 2014) (citing *Gunn v. Minton*, 133 S. Ct. 1059, 1061 (2013), to invoke federal jurisdiction on this basis the federal issue must be: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn*, 133 S. Ct. at 1065 (citing *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317-18 (2005).  As the Sixth Circuit pointed out in *Hampton v. R.J. Corman R.R. Switching Co. LLC*, 683 F.3d 708, 712 (6th Cir. 2012), a "garden-variety state tort claim" that merely relies upon federal regulations to establish negligence does not

pass this test.  *Id.; see also Columbia Gas Transmission, LLC v. Singh,* 707

F.3d 583, 591 (6th Cir. 2013).

Nowhere in LAN's response does it distinguish the facts of this case

with those of *Auto-Owners Ins. Co., Gunn, Grable & Sons Metal Prods.,*

*Hampton* or *Columbia Gas Transmission, LLC.*  Instead, LAN has rewritten

Plaintiff's complaint to suit its jurisdictional needs, and has somehow also

created additional allegations against itself on Plaintiff's behalf, including

the deprivation of Plaintiff's constitutional rights.  (Dkt. 10, Response to

Motion, p. 19).  The complaint doesn't even allude to, let alone assert such a

claim.  But again, because a litigant in another case made the allegation,

LAN insists that the Court conclude that this Plaintiff meant to do so as well.

Among the allegations against LAN, **this** Plaintiff asserts that

Defendant, "as Flint's outside contractor … had a duty to recognize the need

for corrosion control and advise that it should be implemented." (Complaint,

¶ 47).  This isn't a duty necessarily dependent on the Lead and Copper Rule.

Plaintiff claims that LAN undertook an operational evaluation in November

of 2014, and "failed to address the hazard of lead associated with the

corrosive water flowing through the pipes, at least half of which were made

of lead."  (Complaint, ¶ 70).  This alleged failure also isn't necessarily

dependent on the Lead and Copper Rule.  Here, violation of a federal

regulation is not required or determinative with regard to the success of Plaintiff's claims.

Clearly, a federal issue has not been raised by Plaintiff, and only after artfully re-pleading her complaint can this Defendant say it was. Furthermore, whether the federal issue is disputed is irrelevant because it hasn't been raised as a basis of liability.  Finally, a claim that merely relies upon federal regulations to establish negligence does not invoke jurisdiction. *Hampton*, 683 F.3d at 712.  Thus, it cannot be said that a federal question is substantial here.  Undoubtedly, this case cannot be resolved in federal court without disrupting the federal-state balance approved by Congress.

Plaintiff would be remiss if she didn't urge the Court to disregard Defendant LAN's argument concerning the importance of the federal forum for consistency in rulings.  (Dkt. 10, Response to Motion, p. 21).  Without citing a single case to support this basis for removal, LAN attempts to invoke the Court's sense of order to invoke jurisdiction.  This case, along with other individual cases filed by Plaintiff's counsel for 124 children thus far, should not be kept in federal court simply because others are here.  It's bad enough that Defendant LAN is seeking to rewrite Plaintiff's complaint for her, but to also assert that litigants in other cases should co-write the

revision is without merit.[2]

## Conclusion

Plaintiffs' Motion for Remand should be granted, for the foregoing reasons along with those referenced in Plaintiff's brief in support of her motion, and attorney's fees and costs be granted against Defendant LAN.

Respectfully submitted, this 5th day of April, 2016.


/s/ COREY M. STERN

Corey M. Stern, Esq.
**Levy Konigsberg, LLP**
Counsel for Plaintiff
800 Third Avenue, 11th Floor
New York, New York 10022
(212) 605-6298
(212) 605-6290 (facsimile)
cstern@levylaw.com

Vinson F. Carter, Esq.
**Robinson, Carter & Crawford, PLLC**
Counsel for Plaintiff
400 N. Saginaw Street, Suite 237
Flint, Michigan 48502
(810) 496-1025
(810) 963-0458 (facsimile)
Vinson.rcclawgroup@gmail.com

---

[2] Defendant LAN removed the first set of cases on March 8, 2016, five days after they were filed. LAN subsequently removed the remaining cases one day after each was filed. In each instance, LAN had not been served with summons and complaint, nor was any of LAN's co-defendants served. Thus, LAN was able to circumvent the consent requirement contained in 28 U.S.C. § 1446(b)(2)(a). In its haste to remove these cases so quickly, LAN failed to consult any 6th Circuit case law, as it has now, as evidenced by a 25 page brief that wholly omits any direct authority to support its position.

## **CERTIFICATE OF SERVICE**

I hereby certify that on Tuesday, April 5, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing as follows:

Wayne B. Mason (wayne.mason@sedgwicklaw.com)
Travis S. Gamble (travis.gamble@sedgwicklaw.com)
S. Vance Wittie (vance.wittie@sedgwicklaw.com)
Sedgwick, LLP
1717 Main Street – Suite 5400
Dallas, Texas 75201

Philip A. Erickson (perickson@plunkettcooney.com)
Robert G. Kamenec (rkamenec@plunkettcooney.com)
David K. Otis (dotis@plunkettcooney.com)
Plunkett Cooney
325 East Grand River Avenue, Suite 250
East Lansing, Michigan 48823

I further certify that I have mailed by United States Postal Service the pleading to the following non-ECF participants:

ROWE PROFESSIONAL SERVICES COMPANY, f/k/a ROWE ENGINEERING, INC.
c/o Leanne H. Panduren
540 South Saginaw St., Suite 200
Flint, MI 48502

VEOLIA NORTH AMERICA, INC., a Delaware Corporation
c/o The Corporation TRUST Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

VEOLIA NORTH AMERICA, LLC, a Delaware Corporation
c/o The Corporation TRUST Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

EDEN VICTORIA WELLS, M.D
4350 Pine Ridge Court
Ann Arbor, MI 48105-2795

BRADLEY WURFEL
5097 Nellies Lane
Charlotte, MI 48813-7342

HOWARD CROFT
522 South Franklin Avenue
Flint, MI 48503-5327


Respectfully submitted, this 5th day of April, 2016.


/s/ COREY M. STERN
Corey M. Stern, Esq.                     Vinson F. Carter, Esq.
**Levy Konigsberg, LLP**                 **Robinson, Carter & Crawford,**
Counsel for Plaintiff                    **PLLC**
800 Third Avenue, 11th Floor           Counsel for Plaintiff
New York, New York 10022                 400 N. Saginaw Street, Suite 237
(212) 605-6298                           Flint, Michigan 48502
(212) 605-6290 (facsimile)               (810) 496-1025
cstern@levylaw.com                       (810) 963-0458 (facsimile)
                                         Vinson.rcclawgroup@gmail.com