# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MELISSA MAYS, individually and as next friend of three minor children, MICHAEL MAYS, JACQUELINE PEMBERTON, KEITH JOHN PEMBERTON, ELNORA CARTHAN, and RHONDA KELSO, individually and as next friend of one minor child, all on behalf of themselves and a class of all others similarly situated,<br><br>          Plaintiffs.<br><br>vs.<br><br>GOVERNOR RICK SNYDER, in his official capacity, and the State of Michigan for prospective relief only; DANIEL WYANT, LIANE SHEKTER SMITH, ADAM ROSENTHAL, STEPHEN BUSCH, PATRICK COOK, MICHAEL PRYSBY, BRADLEY WURFEL, all in their individual capacities; DARNELL EARLEY, GERALD AMBROSE, DAYNE WALLING, HOWARD CROFT, MICHAEL GLASGOW and DAUGHERTY JOHNSON, in their individual and official capacities, and the CITY OF FLINT, a municipal, corporation, jointly and severally,<br><br>          Defendants. | Case No. 15-cv-14002<br><br>Hon. John Corbett O'Meara<br><br>**JOINT MOTION AND BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS** |

1

## MOTION TO CONSOLIDATE ACTIONS

1. Pursuant to Federal Rule of Civil Procedure 42 and LR 42.1, Plaintiffs in the action *Gilcreast, et al. v. Lockwood, Andrews & Newnam, P.C.*, Case No. 2:16-cv-11173-MAG-APP ("*Gilcreast* Plaintiffs"), as well as the plaintiffs in *Waid et al. v. Snyder et al*, 5:16-cv-10444-JCO-MKM, also pending before this Court, respectfully request that the Court consolidate each of the pending actions listed in Exhibit A (the "Pending Actions) and any related actions later filed in this district or transferred to this district for coordinated pretrial proceedings. Additionally, the *Gilcreast* Plaintiffs request that the Court, pursuant to Federal Rule of Civil Procedure 23(g)(3), conduct proceedings to determine Interim Lead Class Counsel, or Interim Co-Lead Class Counsel to represent the putative Class(es) in the resulting Consolidated Class Actions.

2. In compliance with Local Rule 7.1(a), counsel for the *Gilcreast* Plaintiffs attempted to resolve the issues presented in this motion prior to its filing by communicating through email dated March 31, 2016 with all counsel of record in the Pending Actions seeking concurrence with the relief sought. The Plaintiffs in *Waid* agreed to join in the motion. Counsel representing Plaintiffs in *Boler*, and counsel for 44 of the individual actions were also contacted telephonically. Counsel for plaintiffs in *Mays* indicated they would not oppose the motion to consolidate in their six class action matters, but they opposed consolidating the

2

individual actions.[1] Despite these reasonable efforts to seek concurrence, the movants were unable to conduct conferences with any other counsel or unrepresented parties.

Respectfully submitted,

/s/ David J. Shea

Kit A. Pierson
Joseph M. Sellers
Emmy L. Levens
Robert Cobbs
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave., N.W.,
Suite 500
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
kpierson@cohenmilstein.com
jsellers@cohenmilstein.com
elevens@cohenmilstein.com
rcobbs@cohenmilstein.com

David J. Shea
SHEA AIELLO, PLLC
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

---

[1] The Gilcreast Plaintiffs are aware that, moments ago, the plaintiffs in *Mays v. Snyder*, Case No. 15-cv-14002 ("Mays Plaintiffs"), filed their own Motion to Consolidate Class Action Cases and for Designation of a Process for the Court's Selection of Interim Lead Counsel. The Gilcreast Plaintiffs circulated their motion to consolidate on March 31, and have spent the last 24 hours conferring with counsel for parties in the other cases in order to coordinate these cases and establish efficient procedures to move the cases forward. Rather than participate in these required conferences, pursuant to LR 7.1, the Mays Plaintiffs circulated their own motion and then filed it less than three hours later without attempting to meet and confer, in an apparent attempt to be the "first to file." It ought to make no difference which party files the motion to consolidate, but the motion ought to be comprehensive and it ought to be the product of discussions with the impacted parties. The Mays Plaintiffs' motion omits the 46 individual actions that share common factual allegations, parties, and claims, and which will involve substantially overlapping discovery. If these individual actions are not remanded to state court, they should be coordinated with the class actions in order to avoid duplicative discovery and inconsistent rulings.

3

Theodore J. Leopold
COHEN MILSTEIN SELLERS
 & TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com

Vineet Bhatia
Shawn Raymond
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

Bradford M. Berry
Khyla D. Craine
Anson C. Asaka
NAACP
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
kcraine@naacpnet.org
aasaka@naacpnet.org

Stephen Morrissey
Jordon Connors
SUSMAN GODFREY, L.L.P.
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
Kathryn P. Hoek
SUSMAN GODFREY, L.L.P.
1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
khoek@susmangodfrey.com

*Attorneys for Frances Gilcreast, Vivian Kelley, Estella A. Simpkins, Beverly's Restaurant, Cakes & Catering, and the Proposed Class.*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MELISSA MAYS, individually and as next friend of three minor children, MICHAEL MAYS, JACQUELINE PEMBERTON, KEITH JOHN PEMBERTON, ELNORA CARTHAN, and RHONDA KELSO, individually and as next friend of one minor child, all on behalf of themselves and a class of all others similarly situated,<br><br>Plaintiffs.<br><br>vs.<br><br>GOVERNOR RICK SNYDER, in his official capacity, and the State of Michigan for prospective relief only; DANIEL WYANT, LIANE SHEKTER SMITH, ADAM ROSENTHAL, STEPHEN BUSCH, PATRICK COOK, MICHAEL PRYSBY, BRADLEY WURFEL, all in their individual capacities; DARNELL EARLEY, GERALD AMBROSE, DAYNE WALLING, HOWARD CROFT, MICHAEL GLASGOW and DAUGHERTY JOHNSON, in their individual and official capacities, and the CITY OF FLINT, a municipal, corporation, jointly and severally,<br><br>Defendants. | Case No. 15-cv-14002<br><br>Hon. John Corbett O'Meara<br><br>**JOINT MOTION AND BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS** |

## **BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE ACTIONS**

### INTRODUCTION

Presently pending before this Court are 52 related actions against three groups of defendants regarding the Flint, Michigan toxic water disaster: The City of Flint Defendants,[2] the State of Michigan Defendants,[3] and the Water Consultant

---

[2] Frederick Headen (as Chairperson of the Flint Receivership Transition Advisory Board), Michael A. Townsend (as Member of the Flint Receivership Transition Advisory Board), David McGee (as Member of the Flint Receivership Transition Advisory Board), Michael A. Finney (as Member of the Flint Receivership Transition Advisory Board), Beverley Walker-Griffea (as Member of the Flint Receivership Transition Advisory Board), Natasha Henderson (as City Administrator for the City of Flint), Darnell Earley (Emergency Manager for the City of Flint), Gerald Ambrose (Emergency Manager for the City of Flint); Howard Croft (Director of Public Works for the City of Flint); Michael Glasgow (Utilities Administrator for the City of Flint); Daugherty Johnson (Utilities Administrator for the City of Flint); Dwayne Walling (Mayor for the City of Flint); City of Flint.

[3] Richard Dale Snyder (Governor of State of Michigan); Nick A. Khouri (Secretary of Treasury of the State of Michigan), Daniel Wyant (Director of the State of the Michigan Department of Environmental Quality); Liane Shekter Smith (Chief of the Office of Drinking Water and Municipal Assistance for the State of Michigan Department of Environmental Quality); Adam Rosenthal (Water Quality Analyst assigned to Lansing District Office of the State of Michigan Department of Environmental Quality), Stephen Busch (District Supervisor assigned as District Office Supervisor of the State of Michigan Department of Environmental Quality); Patrick Cook (Water Treatment Specialist assigned to the Lansing Community Drinking Water Unit of the State of Michigan Department of Environmental Quality); Michael Prysby (Engineer assigned to District 11 of the State of Michigan Department of Environmental Quality); Bradley Wurfel (Director of Communications for the State of Michigan Department of Environmental Quality); Eden Wells (individually and in her capacity as Chief Medical Executive for State of Michigan Department of Health and Human Services); Nick Lyon (Director of State of Michigan Department of Health and Human Services); Nancy Peeler (employee for State of Michigan Department of Health and Human Services);

Defendants.[4] The actions allege a variety of tort, contract, statutory and constitutional claims related to Defendants' negligent, reckless, and intentional acts that resulted in the horrific, man-made, toxic-water disaster in Flint. In particular, each of these 52 lawsuits alleges that Defendants caused Flint residents and property owners to suffer ruinous damages to their health and personal property when the Defendants recommended, approved, and caused corrosive, lead- and bacteria-contaminated, poisonous water to serve as the water supply for the City of Flint.

Plaintiffs in the Pending Actions assert claims on behalf of putative classes of Flint residents,[5] persons who have been exposed to dangerous conditions or suffered personal injuries or property damage as a result of Defendants' conduct regarding the Flint water supply,[6] persons who were billed or paid for for water in Flint during the relevant time period,[7] and property owners in Flint.[8] Additionally,

---

Robert Scott (employee for State of Michigan Department of Health and Human Services); State of Michigan Department of Environmental Quality; State of Michigan Department of Health and Human Services; State of Michigan.

[4] Lockwood, Andrews & Newnam, PC; Lockwood, Andrews & Newnam, Inc.; Veolia North America, LLC; Leo A. Daly Company; Rowe Professional Services Company; Rowe Engineering, Inc.

[5] *McIntosh, et al. v. State of Michigan, et al.*, 5:16-cv-10323-JCO-MKM; *McMillian, et al. v. Snyder, et al.*, 2:16-cv-10796-VAR-EAS.

[6] *Mays et al. v. Snyder et al.*, 5:15-cv-14002-JCO-MKM; *Mason, et al. v. Lockwood, Andrews & Newnam, et al.*, 2:16-cv-10663- JCO-MKM.

[7] *Boler et al v. Earley et al*, 5:16-cv-10323-JCO-MKM.

[8] *Gilcreast, et al. v. Lockwood, Andrews & Newnam, P.C.*, 2:16-cv-11173-MAG-APP.

the Pending Actions include 45 individual actions on behalf of Flint residents and their children who have suffered personal injuries and damage to their property as a result of the toxic Flint water. Finally, the Pending Actions include a lawsuit filed by several organizations on behalf of their members, who are also Flint residents who have been injured by the Flint water disaster.[9]

Plaintiffs seek to consolidate the Pending Actions for pretrial purposes to facilitate the orderly administration of this litigation pursuant to Federal Rule of Civil Procedure 42, and to establish procedures to appoint Interim Lead Class Counsel, or Interim Co-Lead Class Counsel to file a consolidated Complaint and prosecute this litigation efficiently.

## I. ARGUMENT

### A. The Court Should Consolidate the Pending Actions

Federal Rule of Civil Procedure 42(a) grants this Court the authority to consolidate actions when they "involve a common question of law or fact." *See also to Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Rule 42(a) also permits the Court to "issue any other orders to avoid unnecessary cost delay." In considering whether to grant a motion for consolidation, a Court must consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available

---

[9] *Concerned Pastors for Social Action, et al. v. Khouri, et al.*, 2:16-cv-10277-MAG-SDD.

> judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell*, 999 F.2d at 1011 (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

Geared toward increasing the efficient allocation of judicial resources, consolidation is proper especially when multiple proceedings "would be largely duplicative." *See Central States, Se. & Sw. Area Pension Fund v. Smeltzer Enters., Inc.*, 2009 WL 3672120, at *1 (E.D. Mich. 2009). Even where "each of the separate cases may involve factual and legal issues which are separate and distinct from those presented in the others," consolidation may still allow for a more orderly and efficient proceeding, and avoid the risks of inconsistent rulings, where the primary subject matter of the lawsuits in the same. *Young v. Hamric*, 2008 WL 2338606, at *4 (E.D. Mich. June 4, 2008). Courts frequently consolidate cases like this one, in which consolidation will increase the efficiency and manageability of the cases, and the plaintiffs support consolidation. *See In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005); *Am. Bridge Mfg. Co. v. Walter Toebe Const. Co.*, 2010 WL 3245292, at *1 (E.D. Mich. 2010).

Here, all factors weigh in favor of consolidation. The Pending Actions involve substantially overlapping defendants, factual allegations, and causes of action, all of which relate to the same toxic water disaster. Discovery in each of

these related matters will focus on the roles of the City of Flint Defendants, the State of Michigan Defendants, and the Water Consultant Defendants in contaminating the Flint water supply in 2014 and 2015. Indeed, allowing these 52 largely overlapping Pending Actions to proceed unconsolidated would lead to precisely the inefficiencies that Rule 42(a) was designed to avert—duplicative motions, chaotic discovery, and a severe risk of inconsistent rulings.

Mass torts and class actions are particularly well-suited for consolidation because consolidation avoids the need for fragmented pretrial proceedings and minimizes the expenditure of time and money—issues that are uniquely relevant in complex class actions and mass torts such as these. *See, e.g., In re Dow Corning Corp.*, 211 B.R. 545, 574 (Bankr. E.D. Mich. 1997) ("The large number of cases involved [in mass torts] creates tremendous impediments to achieving a fair and final adjudication."); *Braynina v. Prof'l Claims Bureau, Inc.*, 2015 WL 3971410, at *1 (E.D.N.Y. 2015) ("Absent consolidation, the Court faces the possibility of six separate class actions brought on behalf of the same class against the same defendant involving a single, identical legal issue and overlapping evidence. This would lead to a substantial waste of judicial time and resources."); *In re Plumbing Fixtures*, 308 F. Supp. 242, 244 (J.P.M.L. 1970) ("Such a potential for conflicting or overlapping class actions presents one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial

proceedings which will include an early resolution of such potential conflicts."). Moreover, where a large set of actions involve a single issue that may be dispositive of the litigation, many courts have permitted consolidation along with separate issue trials in order to maximize efficient adjudication:

> Many courts have in fact permitted separate issue trials when the issue first tried would be dispositive of the litigation. The courts do so because the efficiency of the trial proceedings is greatly enhanced when a small part of the case can be tried separately and resolve the case completely....Plainly, Judge Rubin had a massive case management problem to resolve, and chose to do so by trying the case on a separate issue that would be dispositive.

*In re Bendectin Litig.*, 857 F.2d 290, 317 (6th Cir. 1988).

By consolidating these cases[10] and appointing Interim Lead Class Counsel, the parties and the Court can take the first step towards resolving these many disputes about a common set of facts in an orderly and judicious manner. Accordingly, the *Gilcreast* Plaintiffs respectfully submit that the Court should grant this Joint Motion to Consolidate. Consolidation for pretrial purposes is consistent with Rule 42(a) and will promote conservation of the parties' resources, judicial economy, and the efficient and expeditious prosecution of this litigation.

---

[10] Many of the Pending Actions that are individual actions were initially filed in state court and then removed to this Court and may be remanded to state court for lack of federal jurisdiction over those claims. Accordingly, to the extent individual cases have jurisdictional issues bearing on whether those cases should be in federal court at all, the issue of whether those cases should be consolidated (as opposed to assigned to a single judge and coordinated) should be deferred until any motion to remand is resolved.

11

### B. The Court Should Order Briefing and Schedule a Hearing to Appoint Interim Lead Class Counsel

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Where, as here, there are "multiple overlapping and duplicative class actions" in a single district, "designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y.2006); *see also In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 554 (S.D. Ohio 2005). Accordingly, the *Gilcreast* Plaintiffs request that, in addition to consolidating the Pending Actions, the Court set a briefing schedule and conduct proceedings to determine a leadership structure for the Consolidated Class Action, consisting of the overlapping classes among the Pending Actions.

## II. CONCLUSION

For the reasons set forth above, the *Gilcreast* Plaintiffs respectfully request that the Court issue an Order consolidating the Pending Actions listed in Exhibit A for pretrial purposes only, as well as any related actions later transferred to this Court. Additionally, the *Gilcreast* Plaintiffs request that the Court conduct proceedings to determine Interim Lead Class Counsel, or Interim Co-Lead Class

Counsel to represent the putative Class(es) in the resulting Consolidated Class Actions.

Respectfully submitted,

David J. Shea
SHEA AIELLO, PLLC
26100 American Drive, 2nd Floor
Southfield, MI 48034
(248) 354-0224 Telephone
david.shea@sadplaw.com

Kit A. Pierson
Joseph M. Sellers
Emmy L. Levens
Robert Cobbs
COHEN MILSTEIN SELLERS
 & TOLL PLLC
1100 New York Ave., N.W.,
Suite 500
Washington, D.C. 20005
(202) 408-4600 Telephone
(202) 408-4699 Facsimile
kpierson@cohenmilstein.com
jsellers@cohenmilstein.com
elevens@cohenmilstein.com
rcobbs@cohenmilstein.com

Bradford M. Berry
Khyla D. Craine
Anson C. Asaka
NAACP
4805 Mt. Hope Dr.
Baltimore, MD 21215
(410) 580-5777 Telephone
bberry@naacpnet.org
kcraine@naacpnet.org
aasaka@naacpnet.org

Theodore J. Leopold
COHEN MILSTEIN SELLERS
 & TOLL PLLC
2925 PGA Boulevard, Suite 220
Palm Beach Gardens, FL 33410
(561) 515-1400 Telephone
(561) 515-1401 Facsimile
tleopold@cohenmilstein.com

Stephen Morrissey
Jordon Connors
SUSMAN GODFREY, L.L.P.
1201 Third Ave.
Suite 3800
Seattle, WA 98101
(206) 516-3880 Telephone
(206) 516-3883 Facsimile
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
Kathryn P. Hoek
SUSMAN GODFREY, L.L.P.

Vineet Bhatia
Shawn Raymond
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 651-3666 Telephone
(713) 654-6666 Facsimile
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com

1901 Avenue of the Stars
Suite 950
Los Angeles, CA 90067
(310) 789-3100 Telephone
(310) 789-3150 Facsimile
khoek@susmangodfrey.com

*Attorneys for Frances Gilcreast,
Vivian Kelley, Estella A. Simpkins,
Beverly's Restaurant, Cakes &
Catering, and the Proposed Class.*